IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

ANGELA K.,

Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 3:25-cv-01068-YY

OPINION AND ORDER

YOU, Magistrate Judge.

Plaintiff Angela K.[1] seeks judicial review of the Commissioner's final decision denying Social Security disability benefits. The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is REVERSED and REMANDED.

In the residual functional capacity ("RFC"), the ALJ found that plaintiff "can understand, remember, and carry out detailed (but not complex) instructions." Tr. 45. Plaintiff claims that "the language of the RFC limitation is obviously similar to the language of Level 2 reasoning" and that this is "tantamount to a limitation to Level 2 reasoning as defined in the DOT," but the

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

ALJ found that plaintiff could perform the job of document preparer, DOT 249.587-018, which requires level 3 reasoning. Pl. Br. 4.

Level 2 reasoning is defined as follows:

> Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations.

Appendix C - Components of the Definition Trailer, 1991 WL 688702.

Level 3 reasoning is defined as follows:

> Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations.

*Id.*

Courts have concluded that the term "uninvolved" in the context of level 2 reasoning means non-complex. *Saiz v. Saul*, No. 1:18-CV-01603-BAM, 2020 WL 860030, at *5 (E.D. Cal. Feb. 21, 2020) (citing cases). Thus, the RFC described level 2 reasoning and the ALJ's reliance on the level 3 job of document preparer constitutes a conflict. The error is not harmless. When the job of document preparer is removed from the list of jobs identified in the ALJ's decision, only 11,500 eligible positions remain in the national economy, which is insufficient. *See Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014) (observing that 25,000 national jobs presents a "close call").

The Commissioner contends that "the ALJ expressly credited a prior administrative medical finding which concluded that Plaintiff retained the 'ability to understand, remember, and perform semi-skilled, detailed tasks on a sustained basis[.]'" Resp. Br. 4 (citing Tr. 49, 133). But the ALJ in fact found this opinion was only "partially persuasive," noting that plaintiff had "varying, but at times normal, mental status exams," but depressed mood at times, problems

getting along with and trusting others, and paranoid thoughts. Tr. 49. The ALJ concluded that plaintiff's "reports indicate that more restrictive interaction limitations are appropriate." *Id.*

**CONCLUSION**

The Commissioner's decision is REVERSED and REMANDED for further proceedings consistent with this opinion.

IT IS SO ORDERED.

DATED September 23, 2026.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge